# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **KAREEM ABDUL JOHNSON** | **CIVIL ACTION NO. 22-5833-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **D.P. GOLEMAR** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kareem Abdul Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 31, 2022. He was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana when he filed this complaint. He names D.P. Golemar as defendant.

Plaintiff was ordered on January 30, 2023, to file, within 30 days of the service of the order, an amended complaint (Doc. 25). On February 7, 2023, the memorandum order was returned to the court marked "RTS-Released" (Doc. 26). On February 9, 2023, Plaintiff updated his address and the Clerk resent the memorandum order (Doc. 25) to his updated address (Doc. 27). The memorandum order sent to Plaintiff on February 9, 2023 was not returned to this court. On March 15, 2023, Plaintiff updated his address (Doc. 28). To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. ' 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party=s objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party=s failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 13th day of April 2023.

Mark L. Hornsby
U.S. Magistrate Judge